E-FILED
Tuesday, 23 June, 2015 10:55:53 AM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

WILLIAM O. CORZINE and
BARBREE E. CORZINE,
    Plaintiffs,

v.

SAFEGUARD PROPERTIES, LLC
and DAVID BROWN,
    Defendants.

Case No. 1:15-cv-01240-JES-JEH

### Order

    The Plaintiffs' Amended Complaint (Doc. 3) asserts diversity of citizenship as the basis of the Court's subject matter jurisdiction. The allegations of the Amended Complaint do not sufficiently support that assertion.

    The Amended Complaint alleges the following information about the parties. The Plaintiffs are citizens of the State of Illinois. Defendant Safeguard Properties, LLC is a limited liability company, and is a citizen of the State of Delaware, with its principal place of business located in Valley View, Ohio. Defendant David Brown's citizenship is unknown to the Plaintiffs "at this time."

    First, citizenship for diversity purposes of a limited liability company is the citizenship of each of its members. *Wise v Wachovia Securities, LLC*, 450 F3d 265, 267 (7th Cir 2006). Thus, the Court must know the identity of each member of Safeguard Properties, LLC, as well as each member's citizenship. *Hicklin Engineering, LC v Bartell*, 439 F3d 346, 348 (7th Cir 2006). If applicable, the Court must also know each member's members' citizenship. Id.

    Second, the allegation that a named individual's citizenship is unknown at the time of the filing of the original complaint is inadequate to invoke diversity

1

jurisdiction where jurisdiction of the court depends upon the state of things at the time the action is brought. *Grupo Dataflux v Atlas Global Group, LP*, 541 US 567, 570 (2004); see *Meyerson v Harrah's East Chicago Casino*, 299 F3d 616, 617 (7th Cir 2002) (vacating judgment and remanding case to district court for further proceedings, including possible dismissal without prejudice to be refiled in state court, where plaintiffs alleged their residence rather than citizenship and they failed to indicate the citizenship of any of the defendants); see also *America's Best Inns, Inc v Best Inns of Abilene, LP*, 980 F2d 1072, 1074 (7th Cir 1992) ("to the best of my knowledge and belief" is insufficient to invoke diversity jurisdiction); *Page v Wright*, 116 F2d 449, 451 (7th Cir 1940) (expressing serious doubts as to whether the record could be sustained in the face of a direct jurisdictional attack where diversity jurisdiction was asserted, in part, based upon information and belief).

Accordingly, the Plaintiffs are directed to file a second amended complaint that adequately alleges the factual basis for this Court's jurisdiction. The amended complaint shall be filed within 14 days of this date.

Entered on June 23, 2015.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE
